UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.            )<br>)<br>MAURICE DIGGINS       )<br>)<br>**Defendant.**      ) | Crim. No. 2:18-cr-122-JDL-1 |

### GOVERNMENT'S MOTION <u>IN LIMINE</u> TO REDACT AND EXCLUDE HEARSAY STATEMENTS OF VICTIM IN MEDICAL RECORDS

NOW COMES the United States of America, by and through the undersigned attorneys, and hereby moves <u>in limine</u> to redact from the Southern Maine Health Care medical records, and exclude any testimony of a treating physician, that a victim in this case told a medical professional, in substance, that he was assaulted at a 7-Eleven "by three white guys."

### RELEVANT BACKGROUD

Defendant Maurice Diggins ("Defendant") is on trial for allegedly conspiring with another individual to commit a series of racially-motivated attacks in April 2018. The Government expects that the evidence will show that the victim was assaulted at a 7-Eleven in Biddeford by the Defendant and his co-defendant, Dusty Leo, and then subsequently treated for his injuries at Southern Maine Health Care in Biddeford.

### ARGUMENT

### THE COURT SHOULD REDACT AND EXCLUDE HEARSAY STATEMENTS OF VICTIM IN MEDICAL RECORDS

The Government anticipates that the Defendant will seek to admit into evidence medical records from Southern Maine Health Care regarding the victim's treatment following the alleged assault at 7-Eleven. Those records contain statements allegedly made by the victim that he was assaulted "by *three* white guys." Southern Maine Health Care medical records, pp. 9, 24 and 52.

The victim's statements are hearsay and should be redacted from the medical records, and any testimony be a treating physician regarding them should be excluded.

Decisions regarding the admission or exclusion of evidence are committed to the sound discretion of the district court and will not be reversed absent an abuse of discretion. United States v. Ford, 22 F.3d 374, 381-82 (1st Cir. 1994); United States v. Rodriquez–Cortes, 949 F.2d 532, 540 (1st Cir. 1991); see also United States v. Green, 887 F.2d 25, 27 (1st Cir. 1989); United States v. Griffin, 818 F.2d 97, 101–102 (1st Cir. 1987).

Hearsay is any out-of-court statement that a party seeks to introduce as proof that what the statement asserts is true. Fed. R. Evid. 801(c). Hearsay is inadmissible unless it fits within a recognized exception. Fed. R. Evid. 802. "Hearsay within hearsay" is admissible only when each level of hearsay would be individually admissible. Fed. R. Evid. 805.

The Government anticipates that the Defendant will seek to admit the above-referenced statements by the victim regarding the number of assailants through Federal Rule of Evidence 803(4), which excepts from the hearsay prohibition "[a] statements that (A) is made for—and is reasonably pertinent to—medical diagnosis or treatment; and (B) describes medical history; past or present symptoms or sensations; their inception; or their general cause." The First Circuit has articulated three requirements for the admission of out-of-court statements for purposes of medical diagnosis or treatment: "(1) the statements must be made for purposes of diagnosis or treatment (2) about (i) medical history (ii) or past or present symptoms, pain, or sensations or (iii) about the inception or general character of the cause or external source thereof (3) insofar as they are reasonably pertinent to diagnosis or treatment." Bucci v. Essex Ins. Co., 393 F.3d 285, 298 (1st Cir. 2005); United States v. Hoffman, 2006 WL 3691487, No. 06-cr-66 (D. Me. Dec. 12, 2006). The victim's statements in the medical records concerning the number of assailants

are not pertinent to diagnosis or treatment. Accordingly, they are inadmissible and should be redacted prior to introducing the records at trial. In addition, any testimony from a physician regarding that statement should be excluded.

The statement should likewise be redacted and the testimony excluded should the defendant attempt to seek admission of the victim's statement through Federal Rule of Evidence 803(6) (Records of a Regularly Conducted Activity), which provides for the admission of:

> A record of an act, event, condition, opinion, or diagnosis if:
>
> > (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;
> >
> > (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> >
> > (C) making the record was a regular practice of that activity;
> >
> > (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> >
> > (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Rule 803(6) requires that information in a business record be transmitted by "someone with knowledge" acting "in the course of a regularly conducted activity." The Advisory Committee Notes make clear that this encompasses only declarants-like nurses or doctors in the case of hospitals-who report to the record-keeper as part of a regular business routine in which they are participants. See Advisory Committee Notes to FRE 803(6) ("If, however, the supplier of the information does not act in the regular course, an essential link is broken; the assurance of

accuracy does not extend to the information itself, and the fact that it may be recorded with scrupulous accuracy is of no avail. An illustration is the police report incorporating information obtained from a bystander: the officer qualifies as acting in the regular course but the informant does not.").

Where the declarant is a hospital patient, his relating of his own history is not part of a "business" routine in which he is individually a regular participant. Petrocelli v. Gallison, 679 F.2d 286, 290 (1st Cir. 1982) (citing McCormick on Evidence § 313 at 731 (2d ed. 1972); Cameron v. Otto Bock Orthopedic Industry, Inc., 43 F.3d 14, 16 (1st Cir. 1994); Neelon v. Krueger (2015 WL 13677813, No. 12-cv-11198-IT (D. Mass. Sept. 8, 2015); Bradley v. Sugarbaker, 891 F.3d 29, 35 (1st Cir. 2018)(FRE 803(6) does not extend to "statement[s] to [a] business by a stranger to it;" "'outsider' information, where offered for its truth [is inadmissible] unless some other hearsay exception applies to the outsider's own statement.");  U.S. Bank Trust, N.A. as Trustee for LSF9 master Participation Trust v. Jones, 925 F.3d 534 (1st Cir 2019)(First Circuit has rejected the admission of business records where third-party statements contained in business records were made "by a stranger to it". (citing Bradley, 891 F.3d at 55.)

To be clear, the government does not object to the Defendant's use of the statement in cross-examination of the victim pursuant to Federal Rule of Evidence 613 (Witness's Prior Statements).  However, the Defendant should not otherwise be permitted to introduce these hearsay statements as substantive evidence through the admission of the victim's medical records.

Respectfully submitted,

HALSEY B. FRANK
UNITED STATES ATTORNEY

/s/ *Sheila W. Sawyer*
Sheila W. Sawyer
Assistant United States Attorney
100 Middle Street
Portland, Maine 04101
207-780-3257
sheila.sawyer@usdoj.gov

ERIC S. DREIBAND
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION

By: /s/ *Timothy Visser*
TIMOTHY VISSER
Trial Attorney
U.S. Department of Justice
Civil Rights Division, Criminal Section
950 Pennsylvania Avenue, NW
Washington, DC 20530
202-353-8175
timothy.visser@usdoj.gov

# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>**v.** )<br>)<br>**MAURICE DIGGINS** )<br>)<br>**Defendant.** ) | **Crim. No. 2:18-cr-122-JDL-1** |

## CERTIFICATE OF SERVICE

    I hereby certify that on February 28, 2020, I filed the **GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE HEARSAY STATEMENTS OF VICTIM IN MEDICAL RECORDS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                 HALSEY B. FRANK
                                 United States Attorney

                                 /s/ Sheila W. Sawyer
                                 SHEILA W. SAWYER
                                 Assistant U. S. Attorney
                                 100 Middle Street
                                 Portland, Maine 04101
                                 (207) 780-3257
                                 Sheila.sawyer@usdoj.gov