UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| MAURICE DIGGINS, | ) Docket No. 2:18-cr-00122-NT |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**ORDER ON MOTION FOR RELEASE PENDING SENTENCING**

Defendant Maurice Diggins moves for release pending sentencing. (ECF No. 220.) The Defendant cites the COVID-19 pandemic and the conditions of confinement at Strafford County Jail ("**Strafford**") where he is detained to support release pending sentencing. He contends that because he suffers from asthma and seasonal allergies, he is at greater risk should he become infected with the Coronavirus. Mot. for Release Pending Sentencing 2. He asserts that he cannot take all the precautions recommended by the Center for Disease Control such as wearing a mask and disinfecting surfaces. The Government opposes the motion for release and notes that as of May 19, 2020, there were only two reported cases of COVID-19 at Strafford County Jail—one entering inmate and one staff member—neither of whom had any interaction with the current inmate population. Opp'n. 3 (ECF No. 227).

The Defendant was arrested on August 24, 2018 on a federal warrant for an indictment that charged him with a conspiracy to commit and commission of a racially-motivated hate crime against a victim in Biddeford, Maine on April 15, 2018. Indictment (ECF No. 3); Arrest Warrant Returned (ECF No. 41). On August 27, 2018,

the Defendant appeared with counsel, waived his right to a detention hearing, and consented to detention pending trial. Order of Detention (ECF No. 33). The Defendant has been in federal custody since his arrest.

On March 1, 2019, the grand jury returned a superseding indictment charging the Defendant with the commission of an additional racially-motivated hate crime also occurring on April 15, 2018 against a different victim. Superseding Indictment (ECF No. 58). On March 10, 2020, the Defendant was found guilty by a jury on all three counts of the superseding indictment. Jury Verdict (ECF No. 206). The evidence at trial established that the hate crimes charged in the superseding indictment involved unprovoked attacks on two black men. Both victims had their jaws broken by the Defendant and his coconspirator. The evidence showed that the Defendant and his coconspirator committed two additional uncharged assaults on the evening of April 15, 2018, which were also on non-Caucasian males. The Government asserts, and the Defendant does not contest, that he was on state probation at the time he committed the hate crimes. Opp'n 2.

Title 18, United States Code, Section 3143(a) governs the release or detention of a defendant pending sentence. Section 3143(a) contains two subsections. Subsection 3143(a)(1) provides that a judicial officer "shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, . . . be detained unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community" if released on bond or conditions. 18 U.S.C. § 3143(a)(1).

Subsection 3143(a)(2) imposes additional hurdles for individuals seeking pre-sentence release who are convicted of "crimes of violence," but it too contains the requirement that a judicial officer find by clear and convincing evidence that the defendant "is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2)(B). The Government, in opposing the Defendant's motion to reopen the detention hearing argues that the Defendant cannot meet the requirements of section 3143(a)(2) or establish exceptional reasons why detention would not be appropriate under 18 U.S.C. § 3145(c). The Defendant, in his reply, argues that the hate crimes of which he was convicted are not categorically "crimes of violence," and therefore subsection 3143(a)(1) should govern his request for release. Reply 1–3.

I do not need to enter the debate over whether a hate crime that causes bodily injury, categorically speaking, is a crime of violence. Both sections 3143(a)(1) and (a)(2) require the Defendant to show by clear and convincing evidence that he is not likely to pose a danger to the safety of any other person or the community if released on bond and/or conditions. The Defendant has not met his burden of showing by clear and convincing evidence that there is a condition or combination of conditions that would reasonably assure the safety of the community if the Defendant were to be released. I have viewed the videotape of Mr. Diggins provoking the attack of the victim who was making a late-night run to a convenience store. I saw the Defendant circle the victim so that his coconspirator could come from behind and sucker punch him, shattering his jaw. I also saw the Defendant jump into his truck and pursue the

victim, who was running away. I credit the testimony of the victim and other witnesses who heard the Defendant yelling racial slurs. I also believed the testimony of the second victim who was minding his own business outside a bar in the Old Port area of Portland, Maine, when the Defendant cold-cocked him, shattering his jaw. And I credit the testimony of two additional victims who were attacked by the Defendant and his coconspirator that night.

The Defendant contends that he is not a danger to others because he "has given great thought to his past behavior and has engaged in several programs while in custody. He harbors no ill will toward anyone and promises to abide by all conditions of release imposed." Mot. 3. While I hope that the Defendant's transformation is real, the self-serving testimony of the Defendant does not approach the clear and convincing evidence required for release. Each of the four assaults discussed above took place at a time when the Defendant was under state probation, which contained a condition that he not commit another offense. His behavior on the night of April 15, 2018, gives me little hope that conditions of release are enough to ensure the safety of the community.

## CONCLUSION

For the reasons stated above, I **DENY** the Defendant's Motion for Release Pending Sentencing.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 10th day of June, 2020.

4