UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MAURICE DIGGINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 2:18-cr-00122-NT-1 |
| | ) 2:24-cv-00325-NT |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent | ) |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION
AND ORDER ON MOTION FOR DISCOVERY**

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 312.) Following a jury trial, Petitioner was convicted of conspiring to distribute and to possess with intent to distribute cocaine base and fentanyl. (Judgment, ECF No. 258.) The Government asks the Court to dismiss the matter because Petitioner filed the motion after the statute of limitations expired. (Response, ECF No. 318.)

Following a review of the record and after consideration of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request and dismiss Petitioner's motion.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In March 2019, the grand jury indicted Petitioner for two hate crimes in violation of 18 U.S.C. § 249(a)(1) and § 2 and for conspiring to commit hate crimes in violation of 18

U.S.C. § 371.  (Superseding Indictment, ECF No. 58.)[1]  After a trial in March 2020, a jury found Petitioner guilty of all three charges.  (Jury Verdict, ECF No. 206.)  In October 2020, the Court sentenced Petitioner to 120 months in prison.  (Judgment, ECF No. 258.)  Petitioner filed an appeal; in June 2022, the First Circuit affirmed.  *United States v. Diggins*, 36 F.4th 302 (1st Cir. 2022).  Petitioner sought Supreme Court review; in October 2022, the Supreme Court denied the petition for a writ of certiorari.  *Diggins v. United States*, 143 S. Ct. 383 (2022).

In September 2024, Petitioner filed the § 2255 motion.  (Motion, ECF No. 312.)  The Government argues the § 2255 motion should be dismissed because it was untimely filed.  (Response, ECF No. 318.)

## DISCUSSION

"A 1-year period of limitation" applies to a collateral attack on a federal conviction.  28 U.S.C. § 2255(f).  The period begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Petitioner was originally indicted in August 2018 for one hate crime and conspiring to commit a hate crime.  (Indictment, ECF No. 3.)

*Id.* When there are multiple claims at issue, "the period of limitation in 28 U.S.C. § 2255(f) should be applied on a claim-by-claim basis." *Capozzi v. United States*, 768 F.3d 32, 33 (1st Cir. 2014).

Petitioner does not allege, nor does the record reflect, that the Government imposed an impediment to a timely filing; Petitioner's claims do not rely on a right newly-recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and Petitioner does not allege newly-discovered facts in support of his section 2255 claims. Because paragraphs (2), (3), and (4) do not apply, therefore, the limitations period began to run when Petitioner's judgment of conviction became final.

The Court entered Petitioner's judgment of conviction on October 27, 2020. The First Circuit affirmed on June 8, 2022, and issued its mandate on June 30, 2022. Petitioner's judgment became final on October 31, 2022, when the Supreme Court denied his request for further appellate review. *See In re Smith*, 436 F.3d 9, 10 (1st Cir. 2006) (when a defendant unsuccessfully seeks a writ of certiorari, "every circuit that has addressed the issue has concluded that a conviction becomes final—and the one-year period therefore starts to run—when a petition for certiorari is denied"). The limitation period for filing a § 2255 motion to challenge the judgment expired one year later, on October 31, 2023. *See Rogers v. United States*, 180 F.3d 349, 355 n.13 (1st Cir. 1999) ("When a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the limitations period") (quotation omitted). Petitioner filed his motion on September 17, 2024, more than ten months after the limitations period expired.

"[T]he AEDPA statute of limitations defense is not jurisdictional" and "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (internal quotations omitted). "To obtain tolling . . . a petitioner bears a substantial burden to establish . . . that he exercised reasonable diligence in trying to preserve his rights but was prevented from timely filing by extraordinary circumstances." *Dominguez v. Duval*, 527 F. App'x 38, 40 (1st Cir. 2013); *see also Trapp v. Spencer*, 479 F.3d 53, 61 (1st Cir. 2007) (discussing illustrative cases). "The diligence prong covers those affairs within the petitioner's control, while the extraordinary-circumstances prong covers matters outside his control." *Blue v. Medeiros*, 913 F.3d 1, 8 (1st Cir. 2019).

As a potential basis for equitable tolling, Petitioner identified court closures due to the COVID-19 pandemic. While courts have recognized the exceptional nature of the pandemic for some purposes, "the COVID-19 pandemic does not automatically warrant equitable tolling for any petitioner who seeks it on that basis. The petitioner must establish that he was pursuing his rights diligently *and* that the COVID-19 pandemic specifically prevented him from filing his motion." *United States v. Henry*, No. 2:17-cr-00180, 2020 WL 7332657, at *4 (W.D. Pa. Dec. 14, 2020) (emphasis in original). Petitioner has not presented an argument or evidence that would support an equitable tolling finding. The record does not reflect that Petitioner would have faced a significant barrier for long enough to account for the ten-month-delay, as the limitations period did not begin to run until more than two years into the pandemic, and the public health emergency designation ended in May 2023, s*ee, e.g.*, *United States v. Brown*, No. 18-CR-0604 (JS), 2024 WL 4790165, at

4

*5 (E.D.N.Y. Nov. 14, 2024), approximately fifteen months before Petitioner filed the § 2255 motion.

As another potential basis for equitable tolling, Petitioner raised his attention deficit disorder, depression, and post-traumatic stress disorder. While a "mental illness can constitute an extraordinary circumstance," it "does not per se toll the AEDPA limitations period" because "[t]here must be some causal link between a petitioner's mental illness and his ability seasonably to file for habeas relief." *Riva v. Ficco*, 615 F.3d 35, 40 (1st Cir. 2010). A petitioner must establish that "during the relevant time frame, he suffered from a mental illness or impairment that so severely impaired his ability either effectively to pursue legal relief to his own behoof or, if represented, effectively to assist and communicate with counsel. *Id.* Here, Petitioner made no attempt to establish the requisite causal connection between his disorders and the ability to file his § 2255 motion. There is also nothing in the record to suggest that Petitioner could satisfy the high bar for tolling. To the contrary, in April 2024, Petitioner filed a pro se motion for a sentence reduction following a retroactive guideline amendment. (Motion to Reduce Sentence, ECF No. 307). The sentence reduction motion, which was filed while the limitations period was running, undermines any argument that Petitioner might have lacked the ability to file legal challenges.

A sufficient showing of "actual innocence" can also provide "a gateway through which a petitioner may pass" to reach the merits of a postconviction challenge despite a procedural default or the expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To establish a gateway innocence claim, a petitioner must show

that it is more likely than not that, "in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 538 (2006) (discussing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). In this case, Petitioner's gateway innocence claim fails because he does not present any new evidence that was not presented or available at trial bearing on the question of his guilt. Petitioner mentions a video recording of the attack that should have been described or played for the jury, but the video recording was discussed extensively and was published for the jury at trial. (Trial Transcript Excerpts Vol. I at 75–76, ECF No. 251.) Petitioner argues that his codefendant, and not Petitioner, struck the victim at a store, but that evidence does not establish Petitioner's innocence because that fact was not in dispute at trial and does not diminish Petitioner's culpability for his role in the crime as an aider and abettor and coconspirator.

In sum, because Petitioner did not file the § 2255 motion within the applicable limitation period, and because equitable tolling nor gateway innocence applies, dismissal is warranted.[2]

## Conclusion

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing

---

[2] In his § 2255 motion, Petitioner raised another guideline amendment issue. This recommended decision does not address the merits of that issue or any alternate avenues for relief that might be available to Petitioner, such as a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).

Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

Because dismissal is appropriate, discovery is not warranted. I therefore deny Petitioner's motion for discovery without prejudice to his ability to present the motion in the event the Court does not dismiss the § 2255 motion.

## NOTICE

   A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

   Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

   Any objections to the Order regarding the motion for discovery shall be filed in accordance with Federal Rule of Civil Procedure 72.

              /s/ John C. Nivison
              U.S. Magistrate Judge

Dated this 18th day of February, 2025.